In the Matter of AARON S. FELD (Also Known as AARON SPENCER FELD and A. SPENCER FELD), an Attorney, Respondent.

First Department, April 17, 1942.

S. C. *Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

No appearance for the respondent.

PER CURIAM. The respondent failed to answer the charges of professional misconduct set forth in the petition. He did not appear on the hearing before the official referee who has reported that the evidence submitted by the petitioner establishes the allegations of the petition. He defaulted on the present motion to confirm the report of the official referee.

The Evening High and Trade School Teachers' Association of New York City retained the respondent to test the validity of a certain law affecting the teachers. He agreed to do so for a fee of $6,000, said fee to cover all costs and disbursements. He instituted an action which terminated unsuccessfully and costs aggregating $192.43 were awarded against his client. In connection with that litigation he incurred a printing bill with the Loder Appeal Press, Inc., amounting to $111.69. Although paid his fee in full, the respondent failed to pay the aforesaid items of costs and disbursements until after he had been notified by the petitioner that the matter was under investigation.

In the course of his business dealings with the Loder Appeal Press, Inc., the respondent had contracted a bill of $331.85 for printing in other matters. The printing corporation refused to undertake the printing in the aforesaid litigation of the Teachers' Association unless furnished with some security and assurance that the past indebtedness would be paid. The respondent thereupon gave the corporation an assignment of his fee due from the Teachers' Association to the extent of its unpaid bill. Notwithstanding said assignment and the collection by respondent of his entire fee, he has never paid the aforesaid indebtedness to the Loder Appeal Press, Inc., which has obtained a judgment against him.

The respondent also agreed to pay one Sylvan D. Freeman, an attorney, who was a member of the Teachers' Association and had been associated with the respondent in the aforesaid litigation, the sum of $2,000 out of his fee. Of that sum approximately $300 remains unpaid.

The petitioner wrote to the respondent on February 10, 1941, that its grievance committee would consider the charges preferred against him on February 20, 1941, and requested him to attend

and stated that he could " offer any evidence " in his behalf that he deemed advisable. In reply thereto the respondent wrote from Florida that he would be unable to appear in New York on February 20, 1941, and that he had sent in his resignation as a member of the bar until such time as he was able to go to New York and settle the matter properly. Upon receipt of this letter, the petitioner adjourned the February 20, 1941, hearing until March 6, 1941, and notified the respondent that his " resignation " was not accepted by this court. A proposed order, consent and form of affidavit of resignation acceptable to the court were then mailed to the respondent but he failed to execute and return them as requested by petitioner.

Thereafter the respondent was notified that the charges against him would be heard by the official referee on December 15, 1941, and under date of December 15, 1941, he sent a letter from Miami, Fla., to the Loder Appeal Press, Inc., in which he said in part: " If you withdraw your action which is now pending before the referee on December 17th, I will try to borrow some money and give you half now and half in six months, but I certainly will not do a thing while you are going ahead with your vindictiveness and permit the Bar Association to proceed."

The official referee has found that the allegations of the petitioner have been established. The record before this court sustains his finding. The evidence clearly demonstrates that the respondent is unfit to remain a member of the legal profession.

The respondent should be disbarred.

Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.

Respondent disbarred.